Jordan K. Merson, Esq., (Admitted *Pro Hac Vice*)
jmerson@mersonlaw.com
Jordan K. Rutsky, Esq., (Admitted *Pro Hac Vice*)
jrutsky@mersonlaw.com
Nathan E. Werksman, Esq., NV bar No. 15117
nwerksman@mersonlaw.com
Alice A. Bohn, Esq., (Admitted *Pro Hac Vice*)
abohn@mersonlaw.com
**Merson Law, PLLC.**
950 Third Ave, 18th Floor
New York, NY 10022

Brian J. Panish, Esq., NV Bar No. 16123
panish@psbr.law
Rahul Ravipudi, Esq., NV Bar No. 14750
ravipudi@psbr.law
Robert Glassman Esq., (Admitted *Pro Hac Vice*)
rglassman@psbr.law
Julya Armendariz, Esq, NV Bar No. 15865
jarmendariz@psbr.law
**Panish, Shea, Boyle, Ravipudi LLP.**
300 South Fourth Street, Suite 710
Las Vegas, NV 89101
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| **LISE-LOTTE LUBLIN, LILI BERNARD, JANICE BAKER-KINNEY, REBECCA COOPER, LINDA KIRKPATRICK, JANICE DICKINSON, ANGELA LESLIE, PAM JOY ABEYTA, HEIDI THOMAS, AND JANE FAZZARI,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WILLIAM COSBY, JR.,**<br><br>Defendant. | Case No.: 2:23-CV-00932-GMN-DJA<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORY AND DOCUMENT DEMANDS PURUSANT TO** <u>**FED. R. CIV. P. 37**</u> |

/ / /
/ / /
/ / /

1

## LEGAL ARGUMENT

### I.    This Motion Is Not Moot Because Defendant Provided Deficient Discovery Responses

Defendant's production of discovery responses four days after Plaintiffs moved to compel does not moot this motion. To the contrary, Defendant's assertion of mootness is meritless because his responses are substantively and procedurally deficient. While the parties continue to meet and confer in good faith, several critical issues remain unresolved.

First, Defendant's interrogatory responses remain unverified in violation of Fed. R. Civ. P. 33(b)(5).

Second, Defendant's document production is procedurally flawed; although Defendant eventually provided a privilege log, it lacks bates-stamping information consistent with the actual production, rendering it difficult to cross-reference.[1] Despite these inconsistencies, Plaintiffs have identified numerous redactions within the production that are omitted entirely from the log.[2]

Third, Defendant has improperly withheld documents designated as "Confidential"—but not privileged—despite the existence of a stipulated Protective Order [*Stipulated Protective Order*, ECF No. 75] specifically designed to facilitate the exchange of such information. These materials, including contracts, correspondence,

---

[1] Plaintiffs have not attached Defendant's privilege log to this Reply out of an abundance of caution in light of the parties' Stipulated Protective Order [ECF No. 75], but Plaintiffs will provide a copy of the privilege log to this Court per the terms of the Protective Order upon the Court's request.

[2] So far, Plaintiffs have identified unexplained redactions to the following pages: Cosby Lotte-Lublin 016826-30; Cosby Lotte-Lublin 017744-94; Cosby Lotte-Lublin 017867-72; Cosby Lotte-Lublin 018037-38; Cosby Lotte-Lublin 056202-06; Cosby Lotte-Lublin 056233.

and third-party productions, are "relevant and proportional to the needs of the case" under Fed. R. Civ. P. 26(b)(1). *See Greve v. Pub. Utils. Comm'n of Nev.*, No. 2:25-CV-01103-APG-NJK, 2026 WL 1103091, at *1 (D. Nev. Apr. 22, 2026). These documents likely contain evidence regarding Defendant's location at relevant times, potential complaints, and material statements of fact. Defendant has not moved for a separate protective order to justify this withholding.

Finally, Defendant continues to withhold testimony and other relevant documents by claiming they are subject to protective orders in unrelated cases. This position is irreconcilable with the fact that Defendant drafted the Protective Order in *this* case [*Stipulated Protective Order*, ECF No. 75, §9], which includes specific protocols for the disclosure of confidential information from other matters. It is improper for Defendant to propose and stipulate to a mechanism for the exchange of such documents and then refuse to utilize said mechanism.

Although Plaintiffs' counsel initially offered to withdraw this motion upon receipt of discovery, that offer was predicated on the delivery of *sufficient* responses. The parties have met and conferred on most of these issues, but those disputes remain outstanding. Because the production remains incomplete and non-compliant, judicial intervention is necessary.

## II.    No Good Cause Exists To Excuse Defendant's Waiver Of His Objections

Defendant failed to show good cause to excuse the waiver of his objections to Plaintiffs' interrogatory and document demands. In the District of Nevada, "good cause" for modifying scheduling deadlines requires a showing of diligence "measured

by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). Critically, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (internal citations omitted).

Defendant improperly attempts to shift the blame for his delay onto Plaintiffs. He argues that because Plaintiffs did not "expressly assent" to his requested two-week extension, "no new deadline was calendared." [*Defendant William Cosby, Jr.'s Response to Plaintiff's Motion to Compel Responses To Interrogatory and Document Demands Pursuant to Fed. R. Civ. P. 37*, ECF No. 83, p. 6]. This is a non sequitur. Plaintiffs' lack of an explicit confirmation did not grant Defendant license to adopt a "totally flexible" discovery schedule. In fact, Plaintiffs demonstrated significant flexibility by considering an April 6, 2026 deadline as opposed to that which Defendant initial requested of March 23, 2026.

Defendant further mischaracterizes his delinquency as a mere four-day delay. The responses were originally due on March 9, 2026. Even under the most generous interpretation of the parties' communications—extending the deadline by a full month to April 6, 2026—Defendant's responses remained overdue. Had Defendant acted with the requisite diligence, he would have recognized the deadline as March 23, 2026 (two weeks after the initial date) or, at the very least, followed up to clarify any perceived ambiguity rather than waiting for the threat of motion practice.

Despite informing Defendant on April 7, 2026 that they would move to compel if responses were not received by the end of April 10, 2026, Plaintiffs' counsel waited

until April 14, 2026, to file this motion, providing Defendant every opportunity to comply. This Court approved a stipulated scheduling order on December 17, 2025, providing 300 days for discovery. Defendant cannot now claim that trial schedules or competing obligations were unanticipated hindrances to his discovery compliance. As of this filing, 146 days have passed, and the parties have yet to complete a single deposition for the nine individuals listed as active parties in this case. Given this tight window, Defendant's careless assumption of an open-ended deadline does not constitute good cause. The Court should find his objections waived.

### III.    Plaintiffs Are Prejudiced By Defendant's Discovery Delays

Defendant's persistent delays have caused substantial and tangible prejudice to Plaintiffs. To date, Defendant has produced a large volume of discovery—approximately 64,000 pages—delivered only after motion practice. This late-stage "document dump" places an immense burden on Plaintiffs' counsel, who must now dedicate exhaustive resources to review, categorize, and synthesize these materials into their overarching litigation strategy.

The impact of this delay is compounded by the rapidly closing discovery window. With only 154 days remaining in the discovery period, Plaintiffs are now forced to compress months of critical analysis into a significantly abbreviated timeframe. Every day that Defendant improperly withheld these responses represents a lost opportunity for Plaintiffs to conduct follow-up discovery, vet potential witnesses, or refine their disclosures. By effectively shortening the time

available for Plaintiffs to work up their case, Defendant has gained an unfair tactical advantage that can only be mitigated by the relief sought herein.

**CONCLUSION**

Plaintiffs respectfully request that this Court enter an order (i) compelling Defendant to respond in full to Plaintiffs' First Set of Interrogatory Demands and Plaintiffs' First Set of Requests For Production of Documents to Defendant, collectively dated February 5, 2026, (ii) deeming Defendant to have waived his objections to those demands, and (iii) granting Plaintiffs reasonable attorney's fees of $5,250 to be paid by Defendant by a date certain, together with such other relief as it deems just.

Dated:        May 12, 2026

Respectfully Submitted,

MERSON LAW, PLLC

/s/ Alice Bohn
Jordan Rutsky, Esq.
Nathan Werksman, Esq.
Alice Bohn, Esq.
950 Third Avenue
New York, New York 10022
(212) 603-9100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2026, I caused to be served via the Court's e-filing/e-service system, a true and correct copy of the Reply in Support of Plaintiffs' Motion to Compel Responses to Interrogatory and Document Demands Pursuant to Fed. R. Civ. P. 37 to all parties registered for electronic service.

Respectfully submitted,

 /s/ Alice Bohn
Alice Bohn, Esq.