**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Lise-Lotte Lublin, et al., | Case No. 2:23-cv-00932-GMN-DJA |
| Plaintiffs, | |
| v. | **Order** |
| William Cosby, Jr., | |
| Defendant. | |

Before the Court is Plaintiffs' Lise-Lotte Lublin, Lili Bernard, Janice Baker-Kinney, Rebecca Cooper, Linda Kirkpatrick, Janice Dickinson, Angela Leslie,[1] Pam Joy Abeyta, Heidi Thomas, and Jane Fazzari's motion to compel Defendant William Cosby, Jr. to respond to their interrogatories and requests for production. (ECF No. 74). The Court previously set this matter for a hearing. (ECF No. 80). However, the Court finds that Plaintiffs' motion is moot given Defendant's discovery responses, that Defendant has shown good cause for the Court to decline to find his late objections waived, and that Defendant has shown that the circumstances of his late responses make an award of expenses unjust. So, the Court denies the motion to compel in this written order and vacates the hearing set for June 17, 2026.

**I.    Background.**

In their motion to compel, Plaintiffs assert that the extended deadline of April 6, 2026, for Defendant to respond to their interrogatories and requests for production passed without Defendant providing his discovery responses. (ECF No. 74). During a meet and confer, Plaintiffs' counsel expressed their willingness to wait until April 10, 2026, for the responses, but Defendant's counsel expressed that they could not meet that deadline. (ECF No. 74-7 at 4). Plaintiffs therefore filed their motion on April 14, 2026, asking the Court to compel Defendant's

---

[1] Leslie has since been dismissed as a party to this action. (ECF No. 82).

responses, to find Defendant's objections waived, and to order Defendant to pay Plaintiffs' attorneys fees related to the motion. (ECF No. 74).

In response, Defendant asserts that he provided his discovery responses on April 16, 2026, mooting the motion to compel. (ECF No. 83). He explains that his counsel was unsure about the exact date to which the parties had agreed to extend Defendant's response deadline and that "Plaintiff[s] did not clearly communicate [their] expectations." (*Id.* at 2). Defendant also points out that, at the time the requests were due, his counsel was traveling for trial. (*Id.* at 3-4). Defendant could not meet the April 10, 2026, deadline due to professional responsibilities, but states that Plaintiffs' counsel indicated that she would withdraw the motion to compel after Defendant provided responses. (*Id.*). Now that Defendant has provided those responses, Defendant asks the Court not to find his objections waived. (*Id.*).

In reply, Plaintiffs assert that their motion to compel is not moot because Defendant's responses are deficient in various ways. (ECF No. 84). They add that Defendant is attempting to shift the blame for the late responses to their counsel. (*Id.* at 4). Because Defendant's responses were unjustifiably late, and because this delay prejudiced them by requiring them to review extensive documents with only 154 days left in discovery, Plaintiffs argue that the Court should find Defendant's objections waived and order Defendant to pay Plaintiffs' attorney's fees. (*Id.* at 4-6). Plaintiffs further ask the Court to compel "Defendant to respond in full" to their discovery requests. (*Id.* at 6).

## II.    Legal standard.

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "The motion [to compel] may be made if ... a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents ... as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

## III.    Discussion.

The Court denies Plaintiffs' motion to compel for three reasons. First, Plaintiffs' initial request—that the Court compel Defendant to respond to Plaintiffs' discovery requests—is moot now that Defendant has responded. And the Court declines to decide whether Defendant's

responses are complete without the parties having first met and conferred over each of Plaintiffs' concerns. *See* LR 26-6(c) (explaining that discovery motions will not be considered without a declaration setting forth the details and results of the meet-and-confer conference *about each disputed discovery request*).

Second, although Defendant's responses were late, the Court does not find that their lateness justifies finding Defendant's objections waived. As a general rule, the failure to make a timely objection to a discovery request made under Federal Rule of Civil Procedure 33 waives the objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Safeco Ins. Co. v. Rawstrom*, 183 F.R.D. 668, 670 (C.D. Cal. 1998); *see also Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005). Although Rule 34 does not contain an express provision that untimely objections are waived, courts have interpreted the rule regarding waiver consistent with Rule 33. *See Fonville*, 230 F.R.D. at 42 (citing *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 530–31 (E.D. Pa. 1999); *Kansas–Nebraska Natural Gas Co., Inc. v. Marathon Oil Co.*, 109 F.R.D. 12, 24–25 (D. Neb. 1983), and *Shenker v. Sportelli*, 83 F.R.D. 365, 366–67 (E.D. Pa. 1979)). However, courts retain the discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver for good cause. *See* Fed. R. Civ. P. 33(b)(4) (providing that "[a]ny ground not stated in a timely objection is waived *unless* the court, for good cause, excuses the failure") (emphasis added); *see Liguori v. Hansen*, No. 2:11-cv-00492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012) (compiling cases standing for the proposition that "[c]ourts that have considered the issue generally agree that there is no reason to treat waiver under Rule 34 any different than Rule 33"). Here, the Court finds that the relatively short delay, Defendant's counsel's apparently genuine confusion regarding the deadline for the responses,[2] and the fact that Defendant's counsel was traveling for trial at the time responses were due to constitute good cause to relieve Defendant from the potentially harsh consequences associated with waiver.

---

[2] The Court does not find Defendant's counsel's attempt to blame that confusion entirely on Plaintiffs' counsel's lack of communication to be persuasive. It appears that Defendant's counsel also failed to communicate their expectations in this scenario.

Third, although late responses provided after a motion to compel can justify sanctions under Federal Rule of Civil Procedure 37(a)(5)(A), the court must not order those fees if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). Here, again, the Court finds that the relatively short delay, Defendant's counsel's apparently genuine confusion regarding the deadline for the responses, and the fact that Defendant's counsel was traveling for trial at the time responses were due to constitute circumstances making an award of expenses unjust. Moreover, the Court does not find Plaintiffs to have been unduly prejudiced by the short delay.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to compel (ECF No. 74) is **denied.**

**IT IS FURTHER ORDERED** that the hearing set for June 17, 2026, at 10:00 AM is **vacated.**

DATED:  June 3, 2026,

_____

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE