Jordan K. Merson, Esq., (Admitted *Pro Hac Vice*)
jmerson@mersonlaw.com
Jordan K. Rutsky, Esq., (Admitted *Pro Hac Vice*)
jrutsky@mersonlaw.com
Nathan E. Werksman, Esq., NV bar No. 15117
nwerksman@mersonlaw.com
Alice A. Bohn, Esq., (Admitted *Pro Hac Vice*)
abohn@mersonlaw.com
**Merson Law, PLLC.**
950 Third Ave, 18th Floor
New York, NY 10022

Brian J. Panish, Esq., NV Bar No. 16123
panish@psbr.law
Rahul Ravipudi, Esq., NV Bar No. 14750
ravipudi@psbr.law
Robert Glassman Esq., (Admitted *Pro Hac Vice*)
rglassman@psbr.law
Julya Armendariz, Esq, NV Bar No. 15865
jarmendariz@psbr.law
**Panish, Shea, Boyle, Ravipudi LLP.**
300 South Fourth Street, Suite 710
Las Vegas, NV 89101
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA, SOUTHERN DIVISION**

| | |
|---|---|
| **LISE-LOTTE LUBLIN, LILI BERNARD, JANICE BAKER-KINNEY, REBECCA COOPER, LINDA KIRKPATRICK, JANICE DICKINSON, ANGELA LESLIE, PAM JOY ABEYTA, HEIDI THOMAS, AND JANE FAZZARI,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**WILLIAM COSBY, JR.,**<br><br>**Defendant.** | Case No.: 2:23-cv-00932-GMN-DJA<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' SECOND MOTION FOR SANCTIONS FOR FAILURE TO APPEAR AT A DEPOSITION PURUSANT TO <u>FED. R. CIV. P. 37</u>** |

/ / /
/ / /
/ / /

**INTRODUCTION**

Plaintiffs make this motion for sanctions against Defendant, pursuant to Fed. R. Civ. Proc. 37(d), to address Defendant's flagrant refusal to appear for three properly noticed depositions, two of which were scheduled on dates and with accommodations specifically selected by Defendant well in advance of the deposition date.

Most recently, despite Defendant's representations to this Court in defense counsel's motion to withdraw as counsel that Defendant's deposition was scheduled for September 22-24, 2026 and would not be affected by defense counsel's withdrawal, Defendant informed Plaintiffs on September 21, 2026 that he was no longer willing to appear on the deposition dates. Defendant's unilateral cancellation – his third – occurred despite that deposition being properly noticed, and Defendant having neither sought nor received a protective order. Moreover, at the time of this third cancellation, there was already a pending motion for sanctions against Defendant for failing to appear at his first two depositions, making this most recent cancellation particularly egregious.

Consequently, Plaintiffs move this Court for sanctions in the form of a default judgment against Defendant for his repeated and willful discovery misconduct. In the alternative, Plaintiffs request an order either striking Defendant's pleadings in whole, deeming facts (specifically that Defendant engaged in the sex acts described by Plaintiffs without their consent) as established, or, at the very least, precluding

Defendant from testifying so that Defendant cannot benefit from his delay tactics, suppression of evidence, and refusal to engage in open discovery.

**PERTINENT FACTS**

Over three years ago, on June 14, 2023, Plaintiffs filed a Complaint against defendant William Cosby, Jr.. On August 2, 2023, Plaintiffs filed the First Amended Complaint, a copy of which is attached as Exhibit 1.

On December 16, 2025, Defendant filed his Answer to the Amended Complaint, a copy of which is annexed as Exhibit 2.

On December 23, 2025, the Court approved a Stipulated Discovery Plan and Scheduling Order, attached as Exhibit 3, which provided 300 days to complete discovery.

On February 17, 2026, Plaintiffs served Defendant with a Notice of Defendant's deposition, to take place "on April 8, 2026, at 10:00am . . .at the office of Merson Law, PLLC, 950 Third Avenue, 18th Floor, New York, New York 10022." A copy of Plaintiffs' Notice of Deposition is attached as Exhibit 4. Defendant did not respond to the Notice of Deposition.

On March 26, 2026, Plaintiffs' counsel emailed Defendant's counsel to confirm Defendant's April 8, 2026 deposition. The email correspondence is attached as Exhibit 5. In the email, Plaintiffs' counsel offered to conduct the deposition "in Massachusetts or wherever is most convenient for Mr. Cosby." *Id.* Defendant responded by saying "[w]e cannot confirm his deposition on April 8." *Id*. However, Defendant did not reject the date, nor did he offer alternative dates. *Id*.

On April 3, 2026, Plaintiffs ordered a court reporter for Defendant's April 8, 2026 deposition and forwarded the court reporter's information to Defendant's counsel. A copy of that email chain is attached as Exhibit 6.

Later that same day, Defendant's counsel responded by stating that "We didn't confirm Mr. Cosby's deposition. We will give you new dates." *Id.* Plaintiffs' counsel responded that Defendant never objected to the deposition, nor did he provide alternative dates, and that Plaintiffs intend to "preserve the record and provide support for a motion to compel, which we hope we do not ultimately have to bring." *Id.*

On April 8, 2026, neither Defendant nor his counsel appeared for Defendant's deposition, nor did they move for a protective order or offer alternative dates for his deposition.

While not required of Plaintiffs,[1] Plaintiffs tried to avoid court intervention by attempting to reschedule Defendant's deposition. Specifically, Plaintiffs' counsel emailed Defendant's counsel twice—on April 9 and April 13—and called Defendant's counsel three times—on April 9, April 14, and April 15—seeking new deposition dates. A declaration of Alice Bohn, Esq. is attached as Exhibit 7. A copy of the email correspondence is attached as Exhibit 8.

[1] "A meet and confer is not required for a motion for sanctions arising out of a failure to appear for deposition." *ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679, 685, n.9 (D. Nev. 2022), *objections overruled,* No. 220CV02035JADNJK, 2022 WL 2275185 (D. Nev. June 22, 2022); *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 335–36 (D. Nev. 2016) (same).

At 10:22pm on April 15, 2026, Defendant's counsel emailed Plaintiffs' counsel and stated that they "can make Mr. Cosby available June 23and [sic] 24 in Massachusetts. Otherwise, remotely." Ex. 8.

The next morning, in the interest of cooperation and to progress discovery, Plaintiffs agreed to the dates and location selected by Defendant. Ex. 8. Plaintiffs also offered to find a more convenient location, if it would aid Defendant. *Id.* Defense counsel confirmed the proposed Springfield location. *Id.*

On April 17, 2026, in accord with the agreement reached by counsel, Plaintiffs served Defendant with a second Notice of Deposition, specifying that his deposition was to take place "on June 23-24, 2026, at 9:00am…at Accurate Court Reporting, 1500 Main Street, Suite 222, Springfield, MA 01115," reflecting the dates and location selected by Defendant. Ex. 8; a copy of Plaintiffs' Second Notice of Deposition and accompanying email is attached as Exhibit 9.

On June 15, 2026, Plaintiffs ordered a court reporter and videographer for Defendant's deposition. The email confirming Plaintiffs' court reporter is attached as Exhibit 10.

On June 18, 2026, Plaintiffs' counsel emailed Defendant's counsel to confirm that the deposition would go forward on June 23-24, 2026, as per the previous agreement and Notice of Deposition. The email correspondence is attached as Exhibit 11. Defendant's counsel responded, "We are unable to produce Mr. Cosby on those dates," with no explanation as to why Defendant was unable to produce Mr. Cosby on "those dates," despite "those dates" being selected by Defendant months earlier. *Id.*

As before, Defendant failed to move for a protective order, nor did he arrange with Plaintiffs for an alternative date for his deposition. Consequently, the deposition remained noticed and scheduled for June 23-24, 2026. Ex. 9.

On June 23-24, 2026, neither Defendant nor his counsel appeared for Defendant's deposition (hereinafter, the "June Deposition"). A copy of the deposition transcript is attached as Exhibit 12.

On June 24, 2026, Plaintiffs filed a motion seeking sanctions against Defendant for his failure to appear at his first two noticed depositions. A copy of that motion is annexed as Exhibit 13.

On July 8, 2026, Defendant filed his Response to the motion, a copy of which is annexed as Exhibit 14. In the Response, defense counsel claimed, for the first time, that Defendant's last-minute cancellation of the June Deposition was due to his inability to arrange transportation to the location he selected for his deposition nor an assistant to help him use the bathroom, despite the 69 days that had passed between his counsel selecting those dates (April 15, 2026) and the deposition (June 23, 2026). Ex. 8; Ex. 9; *Id.,* p. 2.

On July 14, 2026, Plaintiffs filed their Reply to the motion for sanctions, a copy of which is annexed as Exhibit 15.

As of today, the June 24, 2026 motion for sanctions related to Defendant's failure to appear at his first and second depositions remains pending.

On July 14, 2026, Defendant's counsel, via email, requested that Plaintiffs propose three consecutive days for Defendant's deposition, which would now be done,

at Defendant's insistence, via Zoom, rather than in person. The relevant portion of the email chain is attached as Exhibit 16.[2] On July 20, 2026, Plaintiffs complied with Defendant's request by proposing that Defendant's deposition proceed on September 22-24, 2026 (hereinafter, the "September Deposition"). Ex. 16. When Defendant ignored that email, Plaintiffs followed up with Defendant seven times (July 21, 29, 30, 31, August 3, 7, and 21), to no avail. Ex. 16.

On September 3, 2026, Defendant's counsel finally confirmed the September Deposition in her motion to withdraw as counsel, page 2, lines 21-22, by stating that "Defendant's deposition is scheduled for September 22-24, 2026." A copy of that motion is attached as Exhibit 17. In that same motion, defense counsel also stated that the anticipated change in counsel would not delay the September Deposition. Ex. 17, 4:3-4 ("Undersigned counsel does not anticipate that her withdrawal will cause undue delay to these proceedings.").

In response to Defendant's confirmation, Plaintiffs sent Defendant a Third Notice of Deposition on September 4, 2026. A copy of Plaintiffs' Third Notice of Deposition is attached as Exhibit 18; a copy of the email chain demonstrating that the Third Notice of Deposition was served is annexed as Exhibit 19[3]. Plaintiffs then followed up with Defendant's counsel two more times (bringing their count to 9 attempts to confirm these dates), on September 16 and 18, 2026, to confirm his

[2] Plaintiffs omit earlier portions of the email chain in which the parties do not discuss anything relevant to the present motion. Portions of the provided emails are redacted due to confidential communications between counsel irrelevant to the present motion.

[3] Plaintiffs omit earlier portions of the email chain that were either duplicative of the emails contained in Ex. 15, or irrelevant to the present motion.

appearance. Ex. 19. However, it was not until the night of September 21, 2026, a mere 13 hours before Defendant's deposition was to commence, that his counsel informed us, "I am sorry it took my [sic] some time to get back to you. Mr. Cosby cannot appear for his deposition this week. We must cancel it. Sorry for the inconvenience." Ex. 19. Of note, once again, no reason was given for Defendant's last minute unilateral cancellation of his scheduled, noticed, and confirmed deposition.

As of the filing of this motion, Defendant has not provided any explanation for his unilateral cancellation of the September Deposition, nor has he offered new dates for said deposition. However, given the history of discovery and Defendant's repeat willingness to schedule his deposition – complete with insisting on the date, location, and accommodations – only to unilaterally cancel it just prior to commencement, Plaintiffs have no expectation that any new dates offered by Defendant would be honored.

## LEGAL STANDARD

Fed. R. Civ. P. 37(d) provides for sanctions when a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i); *see Estrada v. Rowland*, 69 F.3d 405, 405 (9th Cir. 1995) (finding that a failure to appear for purposes of Fed. R. Civ. P. 37(d) includes when a deponent fails to show up for a deposition). Available sanctions include dismissal, as per Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). "The Court has 'great latitude' in imposing sanctions under Rule 37." *ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679, 683 (D. Nev. 2022),

objections overruled, No. 220CV02035JADNJK, 2022 WL 2275185 (D. Nev. June 22, 2022).[4]

## LEGAL ARGUMENT

### I. Defendant's Failure To Appear At His Deposition is Sanctionable

Defendant's blatant discovery evasion is beyond the pale of excusable action and represents the kind of "gamesmanship" that sanction relief under the Federal Rules was created to discourage, so litigation before this Court does not become a mockery. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336–37 (D. Nev. 2016). As of the filing of this motion, Defendant has failed to comply with *three* deposition notices, even after insisting on control over the date, location, and accommodations, with no attempt to schedule a fourth deposition date. Ex. 4; Ex. 8; Ex. 9; Ex. 11; Ex. 16; Ex. 18; Ex. 19.

Moreover, there can be no legitimate reason for Defendant's failure to appear for his deposition three different times, because Defendant's counsel *selected* the dates for the June Deposition two months in advance, insisted that the September Deposition be done virtually, and for both depositions, had multiple months to coordinate whatever transportation and care he needs. *Id.* Most recently, defense

[4] Plaintiffs are also entitled to attorneys' fees and costs in this matter, which Plaintiffs estimate at approximately $10,000. Fed. R. Civ. P. 54(d)(1); *ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679, 683 (D. Nev. 2022), objections overruled, No. 220CV02035JADNJK, 2022 WL 2275185 (D. Nev. June 22, 2022)("courts must award reasonable expenses, including attorney's fees, unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust").; *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Marrocco v. Hill*, 291 F.R.D. 586, 590 (D. Nev. 2013). However, Plaintiffs are foregoing that relief, because Plaintiffs' goal is to progress the case forward, either by default judgment, or, alternatively, by striking Defendant's pleadings or precluding him from testifying.

counsel represented to this Court that the September Deposition would not be delayed mere days before canceling it. Ex. 17, 2:21-22, 4:3-4; Ex. 19.

As such, despite Plaintiffs repeatedly agreeing to every accommodation requested of Defendant, Defendant has unjustifiably failed to appear for three depositions, needlessly delaying litigation in this case, suppressing evidence, and unduly prejudicing Plaintiffs by preventing them from preparing their case for trial. *See* Ex. 5; Ex. 11; Ex. 19.

Plaintiffs, therefore, respectfully request that this Court impose appropriate sanctions on Defendant in the form of a default judgment, or, alternatively, striking Defendant's pleadings, deeming it established that Defendant engaged in the sex acts complained of by Plaintiffs without their consent, or, at the very least, precluding Defendant from testifying. Anything less, such as an order compelling Defendant to appear for deposition, will signal to Defendant that he can continue to ignore basic discovery obligations in this and other cases without fear of significant repercussions. Moreover, Defendant will have succeeded in his misconduct, by suppressing evidence, making Plaintiffs waste their time and resources chasing basic discovery, and delaying resolution of this action.

Simply put, Plaintiffs have run out of options, and significant consequences from the Court is necessary to demonstrate to Defendant that his fame, alleged health issues, and gamesmanship does not grant him or his counsel the right to withhold and suppress discovery and unduly prejudice Plaintiffs with impunity.

**a. Plaintiffs Provided Reasonable Notice For Defendant's Deposition**

This Court finds that "a party may depose a person by serving reasonable written notice" which, in the case of party depositions, can take the form of a "simple notice of deposition." *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 332 (D. Nev. 2016). The notice must include the time and place of the proposed deposition. *ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679, 684, n. 6 (D. Nev. 2022), *objections overruled,* No. 220CV02035JADNJK, 2022 WL 2275185 (D. Nev. June 22, 2022).

Here, Plaintiffs served their first Notice of Deposition on February 17, 2026 specifying the time and place for the deposition. Ex. 4. Moreover, this Notice of Deposition was served approximately 50 days before the noticed deposition date of April 8, 2026. Thus, Plaintiffs provided reasonable notice for Defendant's first-proposed deposition date. Ex. 4.

On April 17, 2026, Plaintiffs served their Second Notice of Deposition, specifying the dates selected by Defendant's counsel, June 23-24, 2026. Ex. 8; Ex. 9. This notice was served approximately 67 days before the deposition dates and, therefore, provided reasonable notice to Defendant of the June 2026 deposition. Ex. 9.

On September 4, 2026, in response to defense counsel's confirmation, in her motion to withdraw, that Defendant would be produced for deposition on September 22-24, 2026, Plaintiffs served their Third Notice of Deposition. Ex. 17, 2:21-22; Ex. 18; Ex. 19. This notice was served approximately 18 days before the deposition dates

and therefore, provided reasonable notice to Defendant of the September 2026 deposition. Ex. 18. Moreover, Defendant had been offered that deposition date initially on July 20, 2026, and therefore had 64 days' notice of the deposition, in total. Ex. 16.

**b. Defendant Failed To Obtain A Protective Order**

"The appropriate vehicle for objecting to [a] deposition [i]s in a motion for protective order." *ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679, 687 (D. Nev. 2022), *objections overruled,* No. 220CV02035JADNJK, 2022 WL 2275185 (D. Nev. June 22, 2022). A party is only relieved from appearing for a deposition once the Court has issued an order excusing his duty to appear; merely filing a motion for protective order is insufficient. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336–37 (D. Nev. 2016). "**Any other rule would allow litigants to engage in gamesmanship and 'would be an intolerable clog upon the discovery process**.'" *Id.*, *quoting Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)(emphasis added).

Defendant has failed to file a protective order for any of his depositions, nor did he receive any court order excusing his appearances. Therefore, Defendant has no basis to challenge this motion.

Defendant may argue that his failure to confirm the first deposition, his willingness to reschedule the second deposition after unilaterally canceling it, and his willingness to appear at an unspecified future date is sufficient justification for his repeated non-appearance, but that is plainly insufficient under the Federal and

Local Rules. Fed. R. Civ. P. 37(d)(1)–(3); *ProDox LLC*, 341 F.R.D. at 687; *Nationstar Mortg., LLC*, 316 F.R.D. at 336–37.

**c. Defendant's Failure to Appear at Three Properly Noticed Depositions is Entirely Unjustified**

In regard to his the June Deposition, Defendant did not even attempt to provide a justification for his refusal to appear until motion practice, at which point, his counsel offered for the first time that Defendant was unable to find assistance to transport him to the deposition and "to ensure his safety and help with basic needs like using a restroom." Ex. 14, 2:6-13. Yet, this ignored that the date and location of the deposition *was selected* by Defendant's counsel months earlier. Ex. 8; Ex. 9. Defendant had ample time to arrange transportation and for assistance; moreover, Defendant could have chosen to have his deposition conducted in his home if transportation or access to a restroom were an issue. Therefore, Defendant's justifications offered after the fact appear to be an attempt to fashion an excuse where none exist.

As regards Defendant's failure to appear at the September Deposition, Plaintiffs agreed to proceed remotely for the very reason that it would prevent Defendant from unilaterally canceling the deposition because of transportation issues or the need for help to use the restroom. Ex. 16; *see* Ex. 14, 2:6-13. Yet, Defendant *still* canceled for an unknown and unspecified reason. Plaintiffs anticipate that Defendant will concoct an excuse now that he faces another motion; however, there can be no legitimate excuses given the many accommodations offered to him and the circumstances of the cancellation.

Indeed, by all appearances, Defendant never intended to alert Plaintiffs of his plan to no-show at his June Deposition or September Deposition. Plaintiffs only learned of Defendant's refusal to appear for the June deposition when Plaintiffs sought to confirm the deposition prior to traveling, a mere two business days before it was scheduled.[5] Ex 10. Then, despite Defendant's representation to this Court that his deposition was scheduled for September 22-24, 2026 and would not be delayed, Defendant waited until 13 hours before his September deposition to inform Plaintiffs of his nonappearance without reason. Ex. 17, 2:21-22, 4:3-4; Ex. 19. More importantly, Defendant did not obtain, nor even seek, a protective order for any deposition.

Moreover, Defendant's behavior in avoiding his deposition is not unique to this litigation, as Defendant has a history of avoiding his deposition until a presiding court orders his appearance. A copy of an order by the Superior Court of California ordering Defendant's deposition in *Motsinger v. William Cosby, Jr., et al.* is attached as Exhibit 20. Accordingly, Defendant's misconduct is not the result of some unexpected, unspecified event, but rather part of Defendant's litigation strategy, the same strategy he employed in *Motsinger*. *See* Ex. 20.

[5] Plaintiffs contacted Defendant to re-confirm the deposition on June 18, 2026. Ex. 10. June 19, 2026 was Juneteenth, a Federal holiday. June 20 and June 21 were Saturday and Sunday, respectively. June 22 was therefore the first business day after June 18. Moreover, Plaintiffs had planned to travel to Massachusetts on June 22 for the June 23 deposition. Defendant was also aware of Plaintiffs' need for a travel day, since Defendant had selected the Massachusetts venue and is aware that Plaintiffs' counsel's office, like Defendant's counsel's office, is located in New York City. Therefore, had Plaintiffs not sought to reconfirm the deposition when they did, it is unclear when Defendant would have alerted Plaintiffs of their plan to no-show the deposition. However, at the earliest, it would have been June 22, by which time Plaintiffs would already be en route to Massachusetts.

**d. Defendant's Unjustified Refusal to Appear for Deposition Has and Continues to Unduly Prejudice Plaintiffs**

Sanctions are also warranted because Defendant's discovery misconduct has and will continue to unduly prejudice Plaintiffs by suppressing evidence, preventing Plaintiffs' ability to prepare their claim for trial, and causing Plaintiffs to unnecessarily expend time, money, and resources to chase basic discovery. *Forsythe v. Brown,* 281 F.R.D. 577 (D. Nevada 2012)(granting sanctions because a party's "months-long strategy to prevent production of documents…effectively prevented [the movant] from preparing their defense of the damages claims [and the sanctioned party had] given no plausible, non-frivolous excuse for these delays.").

As per defense counsel, Defendant is now 89 years old and in purportedly poor health, demonstrating a genuine threat that any further delay to Defendant's deposition will result in Defendant becoming unavailable for deposition entirely, either through death or further degradation of his medical condition or memory. Ex. 14, 2:7-13, 3:15-24 ("Defendant is days shy of his 89th birthday…is legally blind and suffers a variety of health issues…").

Further, the many accommodations (letting him choose the date and location for the second deposition, agreeing to conduct the deposition over several days, agreeing to proceed remotely for the third deposition) were made at Defendant's counsel's request to accommodate Defendant's condition. Ex. 8; Ex. 16. Therefore, each failure to appear is unjustified and unjustifiable, and, moreover, demonstrates that Defendant knew that his unjustifiable cancellations could cause Defendant's deposition to become entirely unavailable.

Meanwhile, Plaintiffs have been forced to repeatedly request the same basic discovery, prepare multiple times for Defendant's deposition despite Defendant having no intention to appear, extend discovery once already, and make two discovery motions all to encourage Defendant to participate in the most basic discovery obligation. Ex. 5; Ex. 6; Ex. 7; Ex. 8; Ex. 10; Ex. 11; Ex. 12; Ex. 13; Ex. 15; Ex. 16.

As such, Defendant should not be permitted to unduly prejudice Plaintiffs, nor should he be permitted to benefit from his misconduct, necessitating a decision with significant consequences for Defendant's consistent and protracted refusal to appear for deposition.

**e. This Court Should Enter A Default Judgement In Favor Of Plaintiffs**

Fed. R. Civ. P. 37 provides this Court with the authority to make an order "rendering a default judgment against the disobedient party," when a party unjustifiably fails to appear for a deposition. Fed. R. Civ. P. 37(b)(2)(A)(vi); 37(d)(1)–(3). Moreover, here, Defendant has no basis upon which he can justify his nonappearance, as Defendant has now canceled his deposition unilaterally three times under dubious circumstances. Thus, Plaintiffs ask this Court to impose sanctions and enter a default judgment against Mr. Cosby in this case.

**f. Alternatively, this Court Should Strike Defendant's Pleadings**

Fed. R. Civ. P. 37 provides this Court with the authority to make an order "striking the pleadings in whole or in part," when a party unjustifiably fails to appear for a deposition. Fed. R. Civ. P. 37(b)(2)(A)(iii); 37(d)(1)–(3). Not only has Defendant unjustifiably failed to appear for a deposition, but he has misrepresented his intent

to appear before this Court while effectively stalling the course of litigation in this case. Striking Defendant's pleadings is an appropriate form of relief in this case, where Defendant has unduly prejudiced Plaintiffs by single-handedly stalling litigation and suppressing evidence for months without reason nor justification.

**g. Alternatively, This Court Should Issue an Order Deeming Facts as Established Against Defendant**

Fed. R. Civ. P. 37 provides this Court with the authority to make an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," when a party unjustifiably fails to appear for a deposition. Fed. R. Civ. P. 37(b)(2)(A)(ii); 37(d)(1)–(3); *Houston v. Mendoza*, No. 2:20-cv-00650-RFB-NJK, 2022 WL 21781612 (D. Nev. Jan. 11, 2022) (recognizing that "case-dispositive sanctions" are available when a party fails to appear for their deposition). "The severity of sanctions to be imposed, however, depends on the extent to which the failure to appear was willful or in bad faith." *Bishop v. Potter*, No. 2:08-cv-00726-RLH, 2010 WL 2771763, *2 (D. Nev. June 4, 2010).

In *Desert Palace, Inc. v. Michael,* 2018 WL 4205026 (D.Nev. Sept. 14, 2018), after the offending party failed to appear at *two* noticed depositions, the District of Nevada granted a motion deeming the facts established against the offending party and precluding the offending party from presenting evidence to refute the established facts. *Desert Palace, Inc. v. Michael,* 2018 WL 4205026 (D.Nev. Sept. 14, 2018). In that decision, the Court cautioned, "Being held to facts that would otherwise be subject to debate is the unfortunate but foreseeable risk of bad-faith litigation

conduct. To avoid that risk, Michael needed only show up for his deposition or make timely and reasonable arrangements to reschedule it so he could go on record and tell his side of the story." *Id.* at *4. Moreover, they deemed those facts established despite the offending party proffering an excuse – that he was receiving in-patient treatment for his years-long addictions. Here, however, there was no excuse proffered at all.

As such, the same rule applied by this Court in *Desert Palace* should be applied here, resulting in an order deeming established that Defendant engaged in the sexual acts alleged by Plaintiffs without their consent.

**h. If Nothing Else, This Court Should Preclude Defendant from Testifying at Trial**

If this Court refuses to grant the other relief requested herein, Plaintiffs respectfully ask that this Court preclude Defendant from testifying, to ensure that Defendant does not benefit from his refusal to be deposed.

Defendant has made it abundantly clear through his actions that he has no intent to appear for his deposition and that his intention is to delay this case by agreeing to appear for deposition before unjustifiably canceling once the deposition nears. Ex. 8; Ex. 11; Ex. 16; Ex. 19.

Absent some consequence, Plaintiffs will be required to proceed to trial without the ability to determine, through deposition, Defendant's anticipated testimony. As such, Defendant has and continues to unduly prejudice Plaintiffs by withholding key evidence – his testimony – so that Defendant can engage in trial by ambush and prevent Plaintiffs from preparing their case.

By precluding Defendant's testimony, Plaintiffs will be able to proceed to trial without Defendant obtaining the unjust and unfair benefit he seeks to obtain via his discovery malfeasance. Stated otherwise, it will be Defendant who bears the consequences of his gamesmanship and suppression of evidence, rather than Plaintiffs, who have earnestly and consistently tried to work with Defendant to complete discovery. Ex. 8; Ex. 16.

Moreover, lesser relief, like compelling Defendant to appear for deposition at a later date and extending the discovery deadline will merely reward Defendant for his malfeasance, as delay appears to be one of Defendant's primary goals. Moreover, compelling him to appear at a later date and accommodating him by extending the discovery deadline will merely encourage him to no-show at future depositions, having received confirmation from *two* motions of this sort that he can schedule and cancel depositions with impunity.

Thus, if this Court chooses to not grant the other relief requested herein, it should, at the very least, preclude Defendant from testifying in defense of the claims in this case.

## CONCLUSION

Plaintiffs respectfully request that this Court enter an order (i) for default judgment against Defendant or, alternatively, (ii) striking Defendant's pleadings or have preclude him from testifying, together with such other relief as it deems just.

Respectfully Submitted,

Dated: September 24, 2026

MERSON LAW, PLLC

/s/ Jordan Rutsky

Jordan Rutsky, Esq.
Nathan Werksman, Esq.
Alice Bohn, Esq.
950 Third Avenue
New York, New York 10022
(212) 603-9100

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 25, 2026, I caused to be served via the Court's e-filing/e-service system, a true and correct copy of the Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 to all parties registered for electronic service.

Respectfully submitted,

_/s/ Jordan Rutsky_____________
Jordan Rutsky, Esq.